IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:16-CR-11-BR
No. 2:20-CV-38-BR

| | |
|---|---|
| HAROLD CLYDE GRIFFIN, JR., | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 87.) Petitioner, who is represented by counsel, did not file a response to the motion, and the time within which to do so has expired.

In 2016, petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The court sentenced him to 63 months imprisonment, representing an upward departure from the sentencing guideline imprisonment range. Petitioner did not appeal.

In 2020, he filed, with the assistance of counsel, a § 2255 motion. (DE # 76.) On the government's motion, the court stayed this proceeding pending the decision in United States v. Gary, 141 S. Ct. 2090 (2021). (See 7/14/20 Order, DE # 82; 3/23/21 Order, DE # 85.) After that decision issued, the government filed the instant motion to dismiss.

In his § 2255 motion, relying on Rehaif v. United States, 139 S. Ct. 2191 (2019), petitioner alleges that his guilty plea is void because the court failed to advise him of the offense

element requiring knowledge of his prohibited status.[1]  (DE # 76, at 4.)  The government seeks dismissal of this claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face."  This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted).  This standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion.  See Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules).

The government argues that petitioner procedurally defaulted his § 2255 claim.  Claims of error that could have been raised during initial proceedings or on direct appeal, but were not, are procedurally barred unless petitioner (1) shows cause and prejudice or (2) demonstrates that he is actually innocent of the offense.  Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012).  Petitioner did not raise any Rehaif error during the underlying proceedings nor did he appeal.  He does not argue in his § 2255 motion (or supporting memorandum) prejudice resulting from this error or that he is actually innocent of being a felon in possession.[2]  Under these circumstances, petitioner's claim is defaulted.

---

[1] "In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm."  Greer v. United States, 141 S. Ct. 2090, 2095 (2021) (citation omitted).

[2] Petitioner suggests there is cause for not raising the error earlier: Rehaif was decided after his arraignment and sentencing.  (Mot., DE # 76, at 9.)  Because he does not argue prejudice resulting from the alleged error, the court does not consider whether he has sufficiently shown cause to overcome procedural default.

The government's motion to dismiss is ALLOWED, and petitioner's § 2255 motion is DISMISSED WITH PREJUDICE. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED. The Clerk is DIRECTED to enter judgment and close this case.

This 16 February 2022.

_____
W. Earl Britt
Senior U.S. District Judge